```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
                                         :          17cv3311(DLC)
BARRINGTON McFARLANE,                    :
                                         :         MEMORANDUM OPINION
                        Plaintiff,       :            AND ORDER
                                         :
            -v-                          :
                                         :
IRON MOUNTAIN INCORPORATED, RANDY        :
CREGO, and STUART MEYER                  :
                                         :
                        Defendants.      :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

The plaintiff filed this lawsuit in the Bronx County Supreme Court on February 10, 2017. On February 14, the plaintiff's process server served a copy of the summons and complaint on an individual named "Rem" at defendant Iron Mountain's facility in Hicksville, New York. The sworn affidavits of the plaintiff's process server describe Rem as a "male of African ancestry" and "having a Caribbean accent and being from Guyana, South America." According to the affidavits, Rem advised the process server that he was "authorized to accept legal papers" on behalf of the corporate defendant Iron Mountain, as well as the individual defendants Randy Crego ("Crego") and Stuart Meyer ("Meyer").[1]

---

[1] The affidavits further aver that the process server mailed a true and exact copy of the summons and complaint in a prepaid post envelope marked "Personal & Confidential" to Crego and to Meyer at the Hicksville facility.

In their notice of removal, the defendants claim that the only employee at the Hicksville facility whose name resembles "Rem" is Mohanlall Surujpaul, who goes by "Ram." Ram is a Record Center Specialist at the Hicksville facility who is paid hourly.

On May 4, the defendants filed a notice of removal. On May 16, the plaintiff filed a motion to remand the case to the Bronx County Supreme Court for failure to timely remove. For the reasons set forth below, the plaintiff's motion to remand is denied.

### DISCUSSION

Pursuant to 28 U.S.C. § 1446(b)(1), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." If defendants are served at different times, however, and "a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C); see also Pietrangelo v. Alvas Corp., 686 F.3d 62, 64, 64 n.3 (2d Cir. 2012) (noting how the 2011 amendment of § 1446 codified the later-served rule). Finally, pursuant to 28 U.S.C. § 1447, "[a] motion to remand the case on the basis of

any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."[2]

Here, the parties dispute whether the defendants' notice of removal was timely under 28 U.S.C. § 1446(b)(1). The defendants argue that the thirty day removal period has not yet commenced since none of the defendants has been properly served. The plaintiff, by contrast, asserts that it is the "receipt of notice of the pendency of the lawsuit" -- not service of process -- that triggers the thirty-day removal period.

**I. Formal service of process, not receipt of notice, triggers the thirty-day removal period under 28 U.S.C. § 1446(b)(1).**

In Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the Supreme Court held that a named defendant's time to remove is triggered by service of the complaint, not by "mere receipt of the complaint unattended by any formal service." Id. at 348. The Court declined to interpret the phrase "receipt . . . or otherwise" in 28 U.S.C. § 1446(b)(1) to include any other means of service besides formal service of process. Id. at 350-56. The Second Circuit has confirmed that "the commencement of the removal period [can] only be triggered by formal service of process, regardless of

---

[2] The parties do not dispute the timeliness of the plaintiff's motion to remand.

3

whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 202 (2d Cir. 2001). Accordingly, it is formal service of process -- not, as the plaintiff contends, notice of the pendency of the lawsuit -- that triggers the thirty day removal period.

**II. Defendant Meyer was not properly served; thus, the defendants' notice of removal is timely under 28 U.S.C. § 1446(b)(2)(C).**

New York law permits personal service on a natural person "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business" of the person to be served and, within twenty days thereafter, mailing a copy of the summons to the actual place of business "in an envelope bearing the legend 'personal and confidential.'" N.Y. C.P.L.R. § 308(2). "Actual place of business" includes "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." N.Y. C.P.L.R. § 308(6). In order for a place to be a defendant's "actual place of business," the defendant "must be physically present with regularity and must be shown to regularly transact business at that place." Bridgehampton Nat'l Bank v. Watermill Heights Assocs., 596 N.Y.S.2d 321, 324 (Sup. Ct. 1993) (citation omitted). It follows that "service is invalid if the delivery

is made at a place where the defendant maintained his place of business in the past, but does not do so at the time of service." Glasser v. Keller, 567 N.Y.S.2d 981, 982 (Sup. Ct. 1991).

It is unnecessary to address the defendants' evidence that none of the defendants has yet been served properly. It is beyond dispute that Meyer was not. Meyer has not worked for Iron Mountain since this lawsuit commenced, and was never physically present with regularity or transacting any business from the Hicksville facility. Thus, the defendants' notice of removal is timely under 28 U.S.C. § 1446(b)(2)(C) because Meyer, a later-served defendant, has not been properly served.

Accordingly, it is hereby

ORDERED that the plaintiff's motion to remand is denied.

Dated: New York, New York
June 22, 2017

_____
DENISE COTE
United States District Judge